﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190925-33082
DATE: April 30, 2020

ORDER

Entitlement to an increased rating greater than 70 percent for posttraumatic stress disorder (PTSD), major depressive disorder, panic disorder, and somatic symptom disorder is denied.

FINDING OF FACT

The Veteran’s service-connected psychiatric disability was manifested by symptoms resulting in occupational and social impairment, with deficiencies in most areas such as work, school, family relations, judgment, thinking, or mood. His psychiatric disability was not manifested by symptoms resulting in total occupational and social impairment.

CONCLUSION OF LAW

The criteria for a disability rating greater than 70 percent for PTSD have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code 9411 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from January 2002 to January 2011. He appeals an August 2019 rating decision by the Department of Veterans Affairs (VA) Agency of Original Jurisdiction (AOJ) denying an increase greater than 70 percent for his service-connected PTSD. The Veteran appealed to the Board of Veterans’ Appeals (Board) for a direct review of the evidence considered by the AOJ. See September 2019 VA Form 10182.

Disability ratings are determined by applying a schedule of ratings based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1.

Where entitlement to compensation already has been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Fenderson v. West, 12 Vet. App. 199, 125-26 (1999). Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating; otherwise, the lower rating will be assigned. See 38 C.F.R. § 4.7.

Here, the Veteran contends that his PTSD is more severe than his 70 percent disability rating would indicate under 38 C.F.R. § 4.130, Diagnostic Code 9411.

According to 38 C.F.R. § 4.130, Diagnostic Code 9411, a 70 percent rating is warranted for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships. Id.

A 100 percent rating is warranted for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation or name. Id.

When evaluating a mental disorder, the rating agency shall assign an evaluation based on all the evidence of record that bears on occupational and social impairment, rather than solely on the examiner’s assessment of the level of disability at the moment of the examination. When evaluating the level of disability from a mental disorder, the rating agency will consider the extent of social impairment but shall not assign an evaluation solely on the basis of social impairment. See 38 C.F.R. § 4.126. Although the Veteran’s symptomatology is the primary consideration, the Veteran’s level of impairment must be in “most areas” applicable to the relevant percentage rating criteria. See Vazquez-Claudio v. Shinseki, 713 F.3d 112, 116-19 (2013).

After review of the entire medical and lay evidence of record, the Board finds the Veteran’s psychiatric symptoms do not warrant a disability rating greater than the currently assigned 70 percent.

The Veteran submitted a psychiatric evaluation that assessed the severity of his acquired psychiatric disorders. See June 2019 Dr. E.D. examination report. Dr. E.D. noted the Veteran’s psychiatric symptoms primarily manifested with chronic sleep impairment, near-continuous panic or depression, impaired short and long-term memory, difficulty adapting to stressful circumstances, and the inability to establish and maintain effective relationships. Id. After reviewing the Veteran’s symptoms, Dr. E.D. concluded the Veteran’s psychiatric disabilities caused occupational and social impairment with deficiencies in most areas, a conclusion that reflects the criteria for a 70 percent rating under 38 C.F.R. § 4.130, Diagnostic Code 9411. After review of the record, the Board agrees with Dr. E.D.’s assessment.

Socially, the Veteran “lives with his wife and stepdaughter.” See June 2019 Dr. E.D. psychological evaluation. He also has two adult daughters, one to whom he does not speak to and the other recently moved out to live with the Veteran’s mother. Id. The Veteran stated “his support system consists of his wife and friends.” Id. Thus, the Board finds the Veteran does not exhibit total social impairment.

Occupationally, the Veteran reported he was employed in October 2018 by the National Park Service as a procurement analyst and continues his employment. Id. Thus, the Board finds the Veteran does not exhibit total occupational impairment.

The record reflects the Veteran has “difficulties with anger and frustration,” “gets easily agitated,” and is “verbally aggressive;” however, “he denied physical aggression” and any history of legal or behavioral problems. Id. He also denied any suicidal or homicidal ideation as well as delusions or hallucinations. Id. Thus, the record reflects the Veteran is not a danger to himself or others. Additionally, at the examination, the Veteran was properly oriented, had “average hygiene and grooming” and was “appropriately dressed.” Id. While Dr. E.D. noted the Veteran’s “thought processes were tangential,” he did not exhibit gross impairment in thought and his communication was “coherent and logical.” Id. Overall, the Veteran exhibited appropriate general behavior and thought during the evaluation and displayed an ability to perform activities of daily living. Further, while the Veteran reported memory loss, the evidence does not reflect the Veteran’s memory is so impaired he forgets hardwired information such as the names of close relatives or his own occupation. Id.

(Continued on the next page)

 

In summation, while the Veteran’s symptoms are severe, the record reflects he is not grossly inappropriate or grossly impaired in thought. He is not disoriented or a persistent danger to himself or others and he is able to perform activities of daily living. Additionally, the record reflects the Veteran is able to maintain employment. As such, the Board finds the Veteran’s symptoms greatly impair his mood and ability to appropriately and affectively function, but they do not rise to the level of total social and occupational impairment, the criteria required for a 100 percent rating. Accordingly, the preponderance of the evidence does not support the Veteran’s claim and the Board denies an increased rating greater than 70 percent for PTSD. See Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990); 38 C.F.R. § 3.102.

 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Bona, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.